UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

November 27, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:   *Ashley C. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 23-383-CDA

Dear Counsel:

On February 10, 2023, Plaintiff Ashley C. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny her claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 8) and the parties' briefs (ECFs 11, 12, 15). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case to the Commissioner for further consideration. This letter explains why.

## I.     PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on June 10, 2020, alleging a disability onset of May 15, 2018. Tr. 213–16. Plaintiff's claim was denied initially and on reconsideration. Tr. 106–09, 118–22. On May 19, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 37–65. Following the hearing, on June 28, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 13–33. The Appeals Council denied Plaintiff's request for review, Tr. 1–7, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.    THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. "Under this process, an ALJ

---

[1] 42 U.S.C. §§ 301 et seq.

evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "did not engage in substantial gainful activity during the period from her alleged onset date of May 15, 2018, through her date last insured of December 31, 2020." Tr. 19. At step two, the ALJ found that Plaintiff suffered from severe "lumbar degenerative disc disease; cervical degenerative disc disease; obesity; obstructive sleep apnea; varicose veins; anxiety disorder and depressive disorder." *Id*. At step three, the ALJ determined that, through the date she was last insured, Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id*. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except [the claimant can] never climb ladders/scaffolds, [but can] occasionally climb ramps and stairs, stoop, kneel, crouch, crawl, and balance. The claimant cannot tolerate exposure to hazards, such as unprotected heights or dangerous machinery[,] or tolerate exposure to atmospheric conditions. The claimant can tolerate occasional exposure to extreme cold or heat, and humidity and wetness. The claimant is further limited to understanding and carrying out detailed, but not complex instructions. She can use judgment to make simple work-related decision[s]. She cannot work at a specific production-rate pace, as in an assembly line or where work requires hourly quotas.

Tr. 22. The ALJ determined that Plaintiff was unable to perform any past relevant work but could perform other jobs that existed in significant numbers in the national economy. Tr. 26–28. Therefore, the ALJ concluded that Plaintiff was not disabled during the relevant period. Tr. 28.

### III.   LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, the Court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

*Ashley C. v. Kijakazi*
Civil No. 23-383-CDA
November 27, 2023
Page 3

## IV.   ANALYSIS

On appeal, Plaintiff argues that the ALJ's decision lacks the support of substantial evidence.  ECF 11, at 8.  Specifically, Plaintiff avers that the ALJ "did not provide a narrative discussion" to support the conclusion that Plaintiff "could not work at a 'specific production-rate pace, as in an assembly line or where work requires hourly quotas.'"  *Id.* at 11 (quoting Tr. 22).  Plaintiff argues that the ALJ failed to connect this "production-rate pace" provision to Plaintiff's concentration, persistence, and pace limitations, making it "unclear whether this RFC limitation was even intended to accommodate Plaintiff's mental impairments."  *Id.* at 12.  Because "the decision is missing any explanation as to how the ALJ decided that those particular limitations would be sufficient to accommodate Plaintiff's symptoms," Plaintiff asserts that the Court cannot meaningfully review the ALJ's decision.  *Id.* at 14.  Defendant counters that substantial evidence supported the ALJ's evaluation of Plaintiff's mental impairments because "the ALJ's discussion of the evidence provides sufficient insight into [their] thought process and analysis sufficient for this Court to 'trace the path' to [their] overall RFC finding and perform meaningful judicial review."  ECF 12, at 8.

When a claimant possesses a mental impairment, an ALJ is required to make "'a specific finding as to the degree of limitation in each of' the four areas of functional limitation listed in [20 C.F.R.] § 404.1520a(c)(3)."  *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 659 (4th Cir. 2017) (quoting 20 C.F.R. § 404.1520a(e)(4)).  One of these four areas—concentration, persistence, and pace ("CPP")—concerns "the abilities to focus attention on activities and stay on task age-appropriately."  20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00(E)(3).  A "moderate" limitation in CPP means that a claimant's ability to sustain CPP "independently, appropriately, effectively, and on a sustained basis is fair."  *Id.* § 12.00(F)(2)(c).

"[O]nce an ALJ has made a . . . finding that a claimant suffers from moderate difficulties in [CPP], the ALJ must either include a corresponding limitation in [their] RFC assessment, or explain why no such limitation is necessary."  *Talmo v. Comm'r, Soc. Sec. Admin*, No. ELH-14-2214, 2015 WL 2395108, at *3 (D. Md. May 19, 2015) (citing *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015)), *report and recommendation adopted*, (D. Md. June 5, 2015).  An ALJ may not account for a claimant's moderate CPP limitations by restricting the RFC to simple, routine tasks or unskilled work without explaining why such provisions adequately address the claimant's CPP limitations.  *See Mascio*, 780 F.3d at 638; *Shinaberry v. Saul*, 952 F.3d 113, 121–22 (4th Cir. 2020).  Nor may an ALJ accommodate a claimant's moderate CPP limitations by restricting the claimant to "work[ing] in two-hour increments with normal breaks," as such breaks are "customary even for those without limitations."  *Caitrin M. v. Kijakazi*, No. BAH-22-2785, 2023 WL 5300318, at *4 (D. Md. Aug. 17, 2023) (collecting cases).  However, an ALJ may accommodate a claimant's moderate CPP limitations by assigning persuasive value to a medical opinion that "provide[s] substantial support for" the ALJ's CPP-related RFC provisions.  *Sizemore v. Berryhill*, 878 F.3d 72, 81 (4th Cir. 2017).

Here, at step three, the ALJ determined that Plaintiff possessed a "moderate" CPP limitation.  Tr. 21.  To support this determination, the ALJ noted that Plaintiff "was unable to do the serial 7s tasks and after three tries was able to spell the word 'world' backwards correctly."  *Id.*

*Ashley C. v. Kijakazi*
Civil No. 23-383-CDA
November 27, 2023
Page 4

(citation omitted). The ALJ also noted that Plaintiff "did not further document distractibility or assessment of deficiencies in attention or concentration" and that Plaintiff was "able to follow along during the hearing without difficulty." *Id.* Based on this step-three determination, the ALJ concluded that Plaintiff "cannot work at a specific production-rate pace, as in an assembly line or where work requires hourly quotas." Tr. 22. The ALJ did not specifically state that this restriction was intended to accommodate Plaintiff's CPP limitations but, assuming that it was, the ALJ did not explain how a restriction from working at a "production-rate pace" addresses Plaintiff's moderate CPP limitations.

The Court agrees with Plaintiff that this lack of explanation warrants remand. A claimant's RFC represents "the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). Social Security Ruling[2] ("SSR") 96-8P details the steps an ALJ must take when assessing a claimant's RFC. *See generally* SSR 96-8P, 1996 WL 374184 (S.S.A. July 2, 1996). Specifically, the ruling provides that "[t]he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Id.* at *7. Here, the ALJ did not provide a narrative discussion to support the RFC's production-pace restriction.

Defendant disagrees and points to, among other things, the ALJ's discussion of Plaintiff's "mini mental status examination," Plaintiff's "significant activities of daily living," and Plaintiff's ability to "follow basic instructions" as evidence that the ALJ sufficiently explained their decision to restrict Plaintiff from production-pace work. ECF 12, at 8–9. To be sure, this evidence *may* support the conclusion that a restriction from production-pace work accommodates Plaintiff's moderate CPP limitations. But SSR 96-8P does not merely require an ALJ to provide a discussion containing evidence that supports the ALJ's conclusions. Rather, it requires the ALJ to "describ[e] *how* the evidence supports *each*" of the ALJ's conclusions. SSR 96-8P, 1996 WL 374184, at *7 (emphasis added). By failing to specifically address how the evidence supports the inclusion of a production-pace restriction, the ALJ contravened SSR 96-8P. Defendant's argument is therefore unavailing.

Having determined that the ALJ erred in assessing the RFC, the Court must also determine whether the error warrants remand. Ordinarily, remand of an SSA decision for legal error is unwarranted unless a plaintiff shows that the error was harmful. *See Josiah T. v. Comm'r, Soc. Sec. Admin.*, No. SAG-20-3572, 2022 WL 684944, at *2 (D. Md. Mar. 8, 2022) (citing *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)). Plaintiff does not address whether the error she alleges was harmful. *See generally* ECF 11. Nevertheless, remand is appropriate where "inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio*, 780 F.3d at 636 (citation omitted). Here,

---

[2] "Social Security rulings constitute the [SSA's] interpretations of the statute it administers and of [the SSA's] own regulations." *Chavez v. Dep't of Health & Hum. Servs.*, 103 F.3d 849, 851 (9th Cir. 1996) (citation omitted). While SSR 96-8P and other Social Security rulings "do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass v. Chater*, 65 F.3d 1200, 1204 n.3 (4th Cir. 1995) (citing *Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989)).

given the lack of a narrative discussion and the lack of any record evidence that might shed light on the appropriateness of a production-pace restriction, the Court is "left to guess" about how the ALJ determined that a production-pace restriction could accommodate Plaintiff's moderate CPP limitations. *Id*. at 637. Indeed, the ALJ's lack of explanation leaves the Court unable to determine whether the ALJ's production-pace restriction was even intended to accommodate Plaintiff's CPP limitations. For these reasons, remand is necessary.[3] *See id.*

On remand, the ALJ must either: (1) provide a narrative discussion that explains how the RFC addresses Plaintiff's moderate CPP limitations or (2) explain why no RFC limitation is necessary to address these limitations. *See Talmo*, 2015 WL 2395108, at *3; *Mascio*, 780 F.3d at 638. In remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V. CONCLUSION

For the reasons set forth herein, the SSA's judgment is REVERSED due to inadequate analysis pursuant to sentence four of 42 U.S.C. § 405(g). The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge

---

[3] The RFC also limits Plaintiff to "understanding and carrying out detailed, but not complex instructions" and to making "simple work-related decision[s]." Tr. 22. Neither party addresses whether these RFC provisions might accommodate Plaintiff's moderate CPP limitations. *See generally* ECF 11, 12. But, as with the production-pace restriction at issue in this case, these additional RFC provisions are not supported by a narrative discussion that explains how the provisions address Plaintiff's limitations. Nor are these provisions the subject of any opinions contained in the record which, if adopted by the ALJ, might provide support for the RFC's inclusion of the provisions. *Cf. Sizemore v. Berryhill*, 878 F.3d 72, 80–81 (4th Cir. 2017) (affirming an ALJ's decision where: (1) the ALJ adopted, without explanation, certain RFC limitations suggested in a medical opinion that provided "detailed findings" on a claimant's "sustained concentration and persistence limitations" and (2) the ALJ assigned the opinion "significant weight"). Accordingly, the inclusion of these additional provisions does not alter the Court's conclusion.